**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

United States Courts
Southern District of Texas
FILED

OCT 0 9 2026

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| **JANE DOE,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-CV-03136** |
| | § | |
| **JOE CLEVELAND MARKS,** | § | |
| **Defendant.** | § | |

## DECLARATION OF JOE CLEVELAND MARKS

I, Joe Cleveland Marks, declare under penalty of perjury under 28 U.S.C. § 1746:

1. I am the Defendant. I am over 18. What I say here is from what I know, unless I say I read it somewhere.

2. I did not share an intimate picture of Jane Doe with anybody without her consent. I did not threaten to post her picture or pass it around.

3. I met her online on TikTok. I never met her in person. She was talking romantic, online, with me, with Gregory Mouton, and with Phillip Mark Ford, all around the same time. She never met them in person either.

4. Mouton wanted the photo. He told me he was an ex-police officer. He was upset with her. She was supposed to come to Louisiana for a play, and there was an expectation of having sex with her later. After that I read a December 6, 2019, KLFY news story. It says a November 13, 2019, letter from the Church Point police chief said Gregory Mouton Jr. was terminated and decommissioned for policy violations, insubordination, and conduct unbecoming of an officer. A November 22, 2019, letter said he was on administrative suspension, not terminated. I do not know how that job thing ended.

5. Phillip Mark Ford was trying to get romantic with her. She was sending him photos of her kids. She never met him in person. He was trying to trade photos of another woman he met on TikTok named

Shannon. Ford did share an intimate photo of Shannon with me. I let Shannon know what he was doing, through TikTok. I am not putting her phone number in this declaration.

6. Mark Pullen can testify there was a three-way conversation between him, Phillip Mark Ford, and me. Jane Doe was claiming that Mark Pullen was on the phone with her, accusing him of talking dirty to her in his underwear, trying to get me and Phillip Mark Ford mad at him or jealous. We got on that three-way call trying to piece together what she was pulling online with all of us.

7. I never got a written request from her that identified a particular statement, said why it was false, and otherwise met Texas Civil Practice and Remedies Code § 73.055(d). She says she sent a cease-and-desist on March 19, 2026, telling me to stop distributing a picture, stop slandering her, and stop contacting her. That is not the request the Texas statute requires.

8. I dispute the screenshots and the recording she talks about in her April declaration. They were not attached to Dkt. 31. I need to see them before I can answer what they actually show.

9. On September 21, 2026, I told her lawyer on the phone that I do not agree with this claim and that I did not think a restraining order was necessary. I will come to a hearing if the Court sets one and gives me notice. I do not agree to an emergency order before that.

10. I am making this declaration to oppose the restraining order, and also to swear to the facts behind my plea in abatement.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 4, 2026.

______________________________

Joe Cleveland Marks

## CERTIFICATE OF SERVICE

I certify that on October 4, 2026, I served this filing on

André L. Ligon
Law Offices of André L. Ligon, P.C.
1001 Texas Street, Suite 570
Houston, TX 77002
andre@andreligon.com

Joseph Wallace, Jr.
JW Law, LLC
1425 Market Blvd., Suite 530-105
Atlanta, GA 30305
jwallace@jwlaw.pro

counsel for Plaintiff, by email and by the means required by the Court.

Joe Cleveland Marks